## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **DATA ENGINE TECHNOLOGIES LLC.** | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.: 6:13-cv-00858** |
| **v.** | § | |
| | § | |
| **INTERNATIONAL BUSINESS MACHINES CORP.** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Data Engine Technologies LLC ("Data Engine") files this Original Complaint for patent infringement against Defendant International Business Machines Corp. ("IBM").

## PARTIES

1.      Plaintiff Data Engine Technologies LLC is a limited liability company existing under the laws of Texas with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034.

2.      Defendant International Business Machines Corp. is a corporation existing under the laws of New York with its principal place of business located at 1 New Orchard Road, Armonk, New York, 10504.  It can be served through its agent for service: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b). Upon information and belief, Defendant has transacted business in this district, has a regular and established place of business in this district, has committed and/or induced acts of patent infringement in this district, and resides in this district.

## FACTS

6.      On March 25, 1997, the USPTO duly and legally issued United States Patent No. 5,615,367 ("the '367 patent"), entitled "System and Methods Including Automatic Linking of Tables for Improved Relational Database Modeling with Interface." Data Engine holds all right, title, and interest in and to the '367 patent.

7.      Upon information and belief, IBM makes, uses, sells, offers for sale, or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '367 patent.

8.      On February 11, 1997, the USPTO duly and legally issued United States Patent No. 5,603,025 ("the '025 patent"), entitled "Methods for Hypertext Reporting in a Relational Database Management System." Data Engine holds all right, title, and interest in and to the '025 patent.

9.      Upon information and belief, IBM makes, uses, sells, offers for sale, or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '025 patent.

## COUNT I: INFRINGEMENT OF THE '367 PATENT

10.     Data Engine incorporates the foregoing paragraphs as if fully set forth here.

11.     IBM had actual knowledge of the '367 patent no later than November 24, 1998. On November 24, 1998, the USPTO issued United States Patent No. 5,842,209 ("the '209 patent'). IBM was the original assignee of the '209 patent and received that assignment prior to or on November 24, 1998. The '367 patent is cited as a reference in the '209 patent. As a result, on or before November 24, 1998, IBM had actual notice of the '367 patent. In addition to the forgoing, no fewer than twenty-three other IBM patents cite the '367 as a reference: United States Patent No. 5,881,381; United States Patent No. 5,907,845; United States Patent No. 5,924,089; United States Patent No. 6,078,920; United States Patent No. 6,289,344; United States Patent No. 6,470,343; United States Patent No. 6,677,965; United States Patent No. 6,865,576; United States Patent No. 7,290,007; United States Patent No. 7,900,160; United States Patent No. 8,046,677; United States Patent No. 8,321,383; United States Patent No. 8,321,393; United States Patent No. 8,332,366; United States Patent No. 8,356,009; United States Patent No. 8,359,339; United States Patent No. 8,370,355; United States Patent No. 8,370,366; United States Patent No. 8,417,702; United States Patent No.8,423,514; United States Patent No. 8,429,220; United States Patent No. 8,510,338; and United States Patent No. 8,515,926.

12.     IBM has been and is now directly infringing the claims of the '367 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Cognos Framework Manager and the software application InfoSphere Data Architect, covered by one or more claims of the '367 patent, all to the injury of Data Engine.

13.     In addition and/or in the alternative, IBM has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '367 patent in the State of Texas, in this judicial district, and elsewhere within the United

States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Cognos Framework Manager and the software application InfoSphere Data Architect, covered by one or more claims of the '367 patent, all to the injury of Data Engine.  In the case of such infringement, the users of the software are the direct infringers of the '367 patent.  IBM advertises and promotes the infringing software on its website.[12] IBM provides, makes, uses, licenses, sells, and offers the infringing software for sale with the specific intent that its customers use those products in an infringing manner.[34]

14.     On information and belief, as a sophisticated user of the patent system and based on the fact that the '367 patent is cited as a reference in no fewer than twenty-four of IBM's patents, IBM has performed analysis of the '367 patent.  On information and belief, as a sophisticated user of the patent system and due to its analysis of the '135 patent, IBM knew or was willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing its software constituted infringement, and that its instructions to customers for use of the infringing software would contribute to and induce their infringement.  As described above, IBM knew or was willfully blind to the fact that the infringing software, when used in combination with computer hardware, is both patented and infringing, as IBM had knowledge of the '367 patent.  On information and belief, the infringing software, when used in conjunction with computer hardware, has no substantial non-infringing use.  IBM's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

---

[1] http://www.ibm.com/developerworks/downloads/im/cognosbi/
[2] http://www-03.ibm.com/software/products/us/en/ibminfodataarch/
[3] http://publib.boulder.ibm.com/infocenter/c8bi/v8r4m0/index.jsp?topic=/com.ibm.swg.im.cognos.ug_fm.8.4.0.doc/ug_fm.html
[4] http://publib.boulder.ibm.com/infocenter/idm/v2r1/index.jsp?topic=/com.ibm.datatools.nav.doc/topics/helpindex_rda.html

15.     Data Engine has been damaged by IBM's infringement of the claims of the '367 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless IBM is permanently enjoined from infringing the claims of the '367 patent.

## COUNT II: INFRINGEMENT OF THE '025 PATENT

16.     Data Engine incorporates the foregoing paragraphs as if fully set forth here.

17.     IBM had actual knowledge of the '025 patent no later than June 13, 2000.  On June 13, 2000, the USPTO issued United States Patent No. 6,076,091 ("the '091 patent').  IBM was the original assignee of the '091 patent and received that assignment prior to or on June 13, 2000. The '025 patent is cited as a reference in the '091 patent. As a result, on or before June 13, 2000, IBM had actual notice of the '025 patent.  In addition to the forgoing, no fewer than nine other IBM patents or applications cite the '025 as a reference: United States Patent No. 6,078,920; United States Patent No. 6,085,193; United States Patent No. 6,105,029; United States Patent No. 6,289,344; United States Patent No. 6,502,088; United States Patent No. 6,513,034; United States Patent No. 6,915,301; United States Patent No. 8,090,711; and EP0996072A1.

18.     IBM has been and is now directly infringing the claims of the '025 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Cognos Report Studio, covered by one or more claims of the '025 patent, all to the injury of Data Engine.

19.     In addition and/or in the alternative, IBM has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '025 patent in the State of Texas, in this judicial district, and elsewhere within the United

States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Cognos Report Studio, covered by one or more claims of the '025 patent, all to the injury of Data Engine.  In the case of such infringement, the users of the software are the direct infringers of the '025 patent.  IBM advertises and promotes the infringing software on its website.[5] IBM provides, makes, uses, licenses, sells, and offers the infringing software for sale with the specific intent that its customers use those products in an infringing manner.[6]

20.     On information and belief, as a sophisticated user of the patent system and based on the fact that the '025 patent is cited as a reference in no fewer than ten of IBM's patents or applications, IBM has performed analysis of the '025 patent.  On information and belief, as a sophisticated user of the patent system and due to its analysis of the '025 patent, IBM knew or was willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing its software constituted infringement, and that its instructions to customers for use of the infringing software would contribute to and induce their infringement.  As described above, IBM knew or was willfully blind to the fact that the infringing software, when used in combination with computer hardware, is both patented and infringing, as IBM had knowledge of the '025 patent.  On information and belief, the infringing software, when used in conjunction with computer hardware, has no substantial non-infringing use.  IBM's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

21.     Data Engine has been damaged by IBM's infringement of the claims of the '025 patent in an amount to be determined at trial, and has suffered and will continue to suffer

---

[5] http://www.ibm.com/developerworks/downloads/im/cognosbi/
[6] http://pic.dhe.ibm.com/infocenter/cbi/v10r1m0/index.jsp?topic=%2Fcom.ibm.swg.im.cognos.ug_cr_rptstd.10.1.0.doc%2Fug_cr_rptstd.html

irreparable loss and injury unless IBM is permanently enjoined from infringing the claims of the '025 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Data Engine Technologies LLC prays for the following relief against Defendant International Business Machines Corp.

A.      A judgment in favor of Data Engine that IBM has infringed, directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of the claims of Data Engine's '367, and '025 patents;

B.      A permanent injunction, enjoining IBM along with its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of the claims of Data Engine's '367, and '025 patents;

C.      A judgment and order requiring IBM to pay Data Engine damage for IBM's infringement of  the claims of Data Engine's '367, and '025 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

D.      A judgment and order finding IBM's infringement is and/or has been willful and awarding treble the amount of damages and losses sustained by Data Engine as a result of IBM's infringement under 35 U.S.C. § 284;

I.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Data Engine its reasonable attorneys' fees; and

J.      Such other and further relief in law or in equity to which Data Engine may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

Dated: November 4, 2013

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.

*/s/ Amir H. Alavi*
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Steven J. Mitby
Texas Bar No. 24037123
smitby@azalaw.com
Brian E. Simmons
Texas Bar No. 24004922
bsimmons@azalaw.com
Alisa A. Lipski
Texas Bar No. 24041345
alipski@azalaw.com
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
Wesley Hill
Texas Bar No. 24032294
wh@wsfirm.com
WARD & SMITH LAW FIRM
1127 Judson Road
Suite 220
Longview, TX  75601
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

ATTORNEYS FOR PLAINTIFF