# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| DATA ENGINE TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | Case No. 6:13-cv-00858-LED <br><br> **JURY TRIAL DEMANDED** |

## IBM'S ANSWER AND DEFENSES

Defendant International Business Machines Corporation ("IBM"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Data Engine Technologies LLC ("Plaintiff") as follows:

## ANSWER TO COMPLAINT

### Parties

1. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies them.

2. IBM admits the allegations contained in paragraph 2 of the Complaint.

### Jurisdiction And Venue

3. IBM admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that there are any factual or legal bases for Plaintiff's claims.

4. IBM admits the allegations contained in paragraph 4 of the Complaint.

5. IBM concedes that venue is proper in this judicial district for the limited purposes of this action, but denies that this is the most convenient forum. IBM denies that it has committed and/or induced acts of patent infringement in this or any other district.

### Facts

6. IBM admits that United States Patent No. 5,615,367 ("the '367 patent"), entitled "System And Methods Including Automatic Linking Of Tables For Improved Relational Database Modeling With Interface," bears an issue date of March 25, 1997. IBM denies that the '367 patent was duly and legally issued. IBM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and therefore denies them.

7. IBM denies the allegations contained in paragraph 7 of the Complaint.

8. IBM admits that United States Patent No. 5,603,025 ("the '025 patent"), entitled "Methods For Hypertext Reporting In A Relational Database Management System," bears an issue date of February 11, 1997. IBM denies that the '025 patent was duly and legally issued. IBM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore denies them.

9. IBM denies the allegations contained in paragraph 9 of the Complaint.

### Count I: Alleged Infringement Of The '367 Patent

10. With respect to paragraph 10 of the Complaint, IBM incorporates by reference its responses to the allegations contained in paragraphs 1 through 9 of the Complaint as set forth above.

11. IBM admits that the USPTO issued U.S. Patent No. 5,842,209 ("the '209 patent") on November 24, 1998, that the '209 patent was assigned to IBM on or before November 24,

1998, and that the patents cited in paragraph 11 of the Complaint identify the '367 patent as one of the cited references. IBM denies the remaining allegations contained in paragraph 11 of the Complaint.

12. IBM denies the allegations contained in paragraph 12 of the Complaint.

13. IBM denies the allegations contained in paragraph 13 of the Complaint.

14. IBM denies the allegations contained in paragraph 14 of the Complaint.

15. IBM denies the allegations contained in paragraph 15 of the Complaint.

### Count II: Alleged Infringement Of The '025 Patent

16. With respect to paragraph 16 of the Complaint, IBM incorporates by reference its responses to the allegations contained in paragraphs 1 through 15 of the Complaint as set forth above.

17. IBM admits that the USPTO issued U.S. Patent No. 6,076,091 ("the '091 patent") on June 13, 2000, that the '091 patent was assigned to IBM on or before June 13, 2000, and that the patents cited in paragraph 17 of the Complaint identify the '025 patent as one of the cited references. IBM denies the remaining allegations contained in paragraph 17 of the Complaint.

18. IBM denies the allegations contained in paragraph 18 of the Complaint.

19. IBM denies the allegations contained in paragraph 19 of the Complaint.

20. IBM denies the allegations contained in paragraph 20 of the Complaint.

21. IBM denies the allegations contained in paragraph 21 of the Complaint.

### Answer To Prayer For Relief

22. IBM denies that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise.

23. IBM further denies each and every allegation contained in the Complaint to which it has not specifically responded.

## AFFIRMATIVE AND OTHER DEFENSES

24. IBM alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

25. The Complaint fails to state a claim upon which relief can be granted.

26. IBM does not infringe and has not infringed any claim of the patents-in-suit, either directly or indirectly, or literally or under the doctrine of equivalents.

27. The claims of the patents-in-suit are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, and patent misuse.

29. Plaintiff is estopped based on statements, representations, and admissions made during prosecution of the patent applications that led to the patents-in-suit from asserting any interpretation of the claims of the patents-in-suit that would be broad enough to cover any of IBM's products or methods alleged to infringe the patents-in-suit.

30. Upon information and belief, Plaintiff is not entitled to pre-filing damages because it has not complied with 35 U.S.C. § 287(a).

31. Plaintiff's claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the inventions of the patents-in-suit by or for the United States.

32. Plaintiff is precluded from recovering any damages for any alleged infringement that occurred more than six years prior to the commencement of this action.

33. Plaintiff's claims for injunctive relief are barred because Plaintiff fails to meet the requirements for obtaining injunctive relief.

34. IBM reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they are not otherwise deemed affirmative defenses by law.

## **PRAYER FOR RELIEF**

WHEREFORE, IBM prays for judgment in its favor and against Plaintiff and that IBM be granted the following relief:

A. Dismissal with prejudice of Plaintiff's Complaint in its entirety;

B. Denial of all remedies and relief sought by Plaintiff in its Complaint;

C. Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding IBM its costs, expenses, and disbursements in this action, including reasonable attorneys fees; and

D. Awarding IBM such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

IBM hereby demands a jury trial on all the issues so triable.

Dated: January 9, 2014

Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON PC
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
allengardner@potterminton.com

*Attorneys for Defendant*
*International Business Machines Corporation*

*Of Counsel:*

John M. Desmarais
Email: jdesmarais@desmaraisllp.com
Jon T. Hohenthaner
Email: jhohenthaner@desmaraisllp.com
Desmarais LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400
Fax: 212-351-3401

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 9, 2014.

*/s/ Michael E. Jones*