# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| DATA ENGINE TECHNOLOGIES LLC, | |
| Plaintiff, | Civil Action No. 6:13-CV-00858-RWS-JDL |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| Defendant. | |

## DEFENDANT IBM'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE

Data Engine moves to strike the entirety of IBM's invalidity expert report and seeks leave to retain an additional expert—but it does not even attempt to support its arguments with any actual evidence. For example, Data Engine summarily asserts (by attaching what it called a "summary exhibit") that IBM's expert reports exceeded the scope of its invalidity contentions. Data Engine's motion did not even attach IBM's invalidity contentions, which would allow this Court to compare those disclosures to the expert report. Having forced IBM to perform that exercise in its opposition brief, Data Engine's reply largely abandons its original arguments. Instead—citing a "clerical error"—Data Engine attempts to expand its motion to argue that additional alleged inconsistencies exist between IBM's expert report and earlier disclosures.

But Data Engine's new arguments still lack merit. As demonstrated below, Data Engine's first technical expert took no steps whatsoever (and was not asked by Data Engine's attorneys to take any steps) to understand IBM's invalidity positions–contradicting the allegations that IBM's expert report exceeded his capacity to respond. Moreover, Data Engine's second technical expert was able to digest the patents, prosecution histories, claim constructions, and completely address the issues in under three weeks–contradicting the allegations of confusion underpinning Data Engine's motion. The motion should be denied.

## I.     IBM Properly Disclosed The Theories Set Forth In Its Expert Report

Data Engine's Exhibit 4 does not support striking portions of IBM's expert report. Once again, instead of supporting its arguments in any manner, such as attaching IBM's invalidity contentions, Data Engine simply attaches a conclusory "summary exhibit." That exhibit mischaracterizes both IBM's earlier disclosures and the theories upon which IBM's expert relies, as further explained below.

**'367 patent**

1

- "Access 1.0 [§102] vs. claim 20: Data Engine is incorrect; this theory was disclosed in IBM's invalidity contentions. (*See* Dkt. 108-6, Ex. E at 18) Specifically, IBM's invalidity contentions depend on and incorporate the analysis of claim 1. Moreover, IBM's invalidity contentions directly address and respond to Data Engine's infringement contentions, which likewise point to claim 1(a)-1(d) to support each and every element of the claim. (*See* Sur-Reply Ex. I. at 37-38.)

- "Access alone [§103] vs. claim 9 (not asserted)": As Data Engine agrees that IBM fully disclosed Access as an anticipatory reference regarding claim 9 and as a single-reference obviousness theory for asserted claim 11 (which depends on claim 10 which further depends on claim 9), Data Engine's assertion that claim 9 (unasserted) is not disclosed as a single-reference obviousness theory in IBM's invalidity contentions has no bearing on whether IBM's expert can rely on Access for a single-reference obviousness theory with regard to claim 11.

- "FoxPro 2.5 [§102] vs. claims 9, 10, 11, 16, 20": Data Engine is incorrect; this theory was disclosed in IBM's invalidity contentions. (*See* Dkt. 108-5, Ex. D at 13-19.) Specifically, IBM's invalidity contentions for these claims depend on and incorporate the analysis of claim 1.

- "Access + FoxPro [§103] vs. claims 9, 10 and 11: This theory was disclosed in IBM's invalidity contentions. (*See* Dkt. 108-5, Ex. D 13, 14, and 15.)

**'025 patent:**

- "Schwabe [§102] vs. claim 26 and 31: Data Engine is incorrect; this theory was disclosed in IBM's invalidity contentions. (*See* Sur-Reply Ex. J at 20 - 40.) Specifically, IBM's invalidity contentions disclose each element with regard to claim 26, and claim 31 depends on and incorporates the analysis of claim 26.

- "Schwabe [§103] vs. claim 1: Data Engine is incorrect; this theory was disclosed in

IBM's invalidity contentions. (*See* Sur-Reply Ex. J at 2-12.)

**"Associated References"**: Data Engine originally argued that all "associated references" to prior art instrumentalities should be excluded because IBM allegedly did not make certain prior art instrumentalities available for inspection. (Dkt. 103 at 4.) Data Engine now concedes that IBM did disclose the instrumentalities, and shifts its position to argue that certain "associated references" should be nevertheless be excluded because IBM did not amend its invalidity contentions. (Dkt. 109 at 5.) Data Engine still provides no explanation as to which "associated references" it is referring to. More significantly, Data Engine does not—and cannot—argue that it lacked notice of IBM's invalidity theories. IBM's invalidity contentions fully disclosed those theories, including with screenshots to copies of software, manuals, and user guides that IBM had available at the time. During discovery, IBM obtained copies of the software from the companies themselves (e.g., Microsoft). Data Engine therefore apparently argues that IBM should have amended its contentions to perform the administrative task of citing the (already disclosed) software by production number. Data Engine cites no authority for that proposition, and its argument makes little practical sense.

## II. IBM's Disclosures Comply With The Limitations Of General Order 13-20.

IBM has fully complied with its obligations to limit its invalidity theories. As explained in IBM's opposition brief, and confirmed in Data Engine's reply, the only dispute is whether a single piece of prior art (*e.g.*, a patent) should be counted as two separate "references" if asserted under theories of anticipation and single-reference obviousness. Data Engine only criticizes IBM's citation to *Personal Audio*.[1] But the *Personal Audio* Court decided the very issue in dispute here. In that case, the parties agreed to limit the number of asserted claims and references

---

[1] *Personal Audio, LLC v. Togi Entm't, Inc.*, No. 2:13-cv-00013-JRG-RSP, Dkt. 252 (E.D. Tex. Aug. 6, 2014).

under terms that—other than the precise number of claims and references—are identical to those of G.O. 13-20, including the requirement that "[e]ach obviousness combination counts as a separate prior art reference." *Id*. The defendant's expert opined that the claims "would have been obvious based on each anticipation reference alone based on the knowledge of one of ordinary skill in the art and common sense." *Id*. at 2. The plaintiff, like Data Engine here, argued that those opinions created too many obviousness combinations, in violation of the limitation on references. *Id*. The Court disagreed, finding that the defendant's reliance on particular references both as anticipatory and under a single-reference obviousness theory did not violate the limitation on references, including the requirement that obviousness combinations count as separate references. *Id*.

The same reasoning applies here with full force, particularly because the premise of Data Engine's motion—its allegation that it could not "even determine the specific references upon which IBM intends to proceed" (Dkt. 103 at 2)—is bare attorney argument contradicted by the facts. (*See* section III, below) This Court's rules are not intended as "gotchas," and a "mere presumption of harm is insufficient" to strike an important defense such as invalidity.[2] No credible dispute exists that Data Engine was fully aware of IBM's theories, and that Data Engine's motion raises only limited disputes which Data Engine easily could have raised with IBM well before it filed its emergency motion (just days before the deadline for rebuttal reports). Data Engine's motion should be denied.

### III. Data Engine's Request For Leave To Designate A Third Expert Is Unjustified In Light Of Recent Testimony By Data Engine's First Technical Expert

While Data Engine further asserts that IBM's invalidity contentions "exceeded the

---

[2] *See Allure Energy, Inc. v. Nest Labs, Inc., et al.*, C.A. No. 9-13-CV-102, at 3-4 (E.D. Tex. May 19, 2015).

capacity of Data Engine's original invalidity expert, Dr. Sam Malek who Data Engine originally intended to draft expert reports in this case,[3]" such an assertion lacks merit. During his deposition, Dr. Malek unambiguously admitted that he had not looked at IBM's technical expert's invalidity report (*See* Sur-Reply Ex. K, at 183:19-22), that he did not recall ever being asked by Data Engine's attorneys to perform a validity analysis of the patents-in-suit (*See* Sur-Reply Ex. K, at 180:19-181:24), and that he had no recollection of *ever* looking at IBM's invalidity contentions or the elected prior art (*See* Sur-Reply Ex. K, at 178:18-180:14). As Data Engine's first technical expert was never asked to and never in fact took steps to inform himself of the prior art or the invalidity contentions put forward by IBM, it is not surprising that he would not be able to accomplish the task of rebutting IBM's report within the time provided by the Court's schedule.

As previously noted, IBM served its invalidity contentions more than a year ago. The fact that Data Engine's additional expert (Dr. Haeberli) acquainted himself with the patents, prosecution histories, claim constructions, inventor testimony, invalidity contentions, and Dr. Maier's expert report for this case, and subsequently submitted a rebuttal validity expert report in less than three weeks (*see* Dkt. 108-9, Ex. H at 1), it is unclear why Dr. Sam Malek could not have done the same thing had Data Engine asked him to do so–especially when he already digested many of these materials in preparing his opinions related to infringement. Accordingly, Data Engine's request for leave to retain an additional expert should be denied.

---

[3] *See* Dkt. 109, at 1, fn. 1. *See also*, Dkt. 103 at 7. ("Because Dr. Malek could not feasibly address the new material in both validity reports both cases within the time allotted, Plaintiff was forced to retain an additional expert—Martin Haeberli—for validity in this case.")

DATED:   December 4, 2015    */s/ John Desmarais, with permission by*
                             *Michael E. Jones*
                             Michael E. Jones (SBN: 10929400)
                             mikejones@potterminton.com
                             Allen Franklin Gardner (SBN: 24043679)
                             allengardner@potterminton.com
                             Potter Minton
                             110 N College Avenue
                             Suite 500
                             Tyler, TX 75702
                             Tel: 903-597-8311
                             Fax: 903-593-0846

                             John Desmarais
                             Jon Hohenthaner
                             Ameet Modi
                             Edward Geist
                             Jason Berrebi
                             DESMARAIS LLP
                             230 Park Avenue
                             New York, NY 10169
                             (212) 351-3400 (Tel)
                             (212) 351-3401 (Fax)
                             jdesmarais@desmaraisllp.com
                             jhohenthaner@desmaraisllp.com
                             amodi@desmaraisllp.com
                             egeist@desmaraisllp.com
                             jberrebi@desmaraisllp.com

                             *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 4, 2015.

                             */s/ Michael E. Jones*